**JIN ZHOU LIN, also known as Ginn Suo Linn, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 04–6463–ag.

United States Court of Appeals, Second Circuit.

April 3, 2007.

Theodore N. Cox, New York, NY, for Petitioner.

James R. Dedrick, Acting United States Attorney for the Eastern District of Tennessee, Matthew T. Morris, Assistant United States Attorney, Knoxville, TN, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Jin Zhou Lin, through counsel, petitions for review of the BIA decision affirming the decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004).

█ Although we question some of the IJ's findings regarding his adverse credibility determination, we are persuaded that substantial evidence supports the IJ's determination that the petitioner failed to establish a reasonable probability of perse-cution upon her return to China. At most, the petitioner's evidence suggested that local officials had intended to fine, or briefly detain, her for the illegal sale of Falun Gong materials. Further, the petitioner submitted no evidence to suggest that the police believed petitioner to be a Falun Gong practitioner, herself. *See Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005) (stating that a non-believer Falun Gong bookseller may have a viable claim for asylum based on imputed political beliefs).

█ As to the petitioner's claim that she would be persecuted for the birth of two United States-born children, we have previously upheld an IJ's denial of asylum and withholding of removal in a significantly analogous case. *See Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). As the IJ was entitled to rely on a State Department County Report in making his determination, in the absence of credible evidence to the contrary, the IJ's decision was supported by substantial evidence. *See id.*

█ As Petitioner did not adequately raise the issue before the BIA, the petition for review is denied insofar as it relates to her claim for relief under the CAT. *See Foster v. INS,* 376 F.3d 75, 77 (2d Cir. 2004).

For the forgoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).